UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHARLES KUHN,
                        *Petitioner,*

            v.

KENLEY MINING COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR; WEST
VIRGINIA PNEUMOCONIOSIS FUND,
                        *Respondents.*

PEABODY COAL COMPANY; OLD
REPUBLIC INSURANCE COMPANY,
                        *Amici Curiae.*

No. 01-2255

On Petition for Review of an Order of the
Benefits Review Board.
(00-770-BLA)

Submitted: March 21, 2002

Decided: April 4, 2002

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Robert M. Bastress, Morgantown, West Virginia, for Petitioner. Rob-
ert Weinberger, EMPLOYMENT PROGRAMS LITIGATION UNIT,

Charleston West Virginia; Eugene Scalia, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, Edward Waldman, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents. Mark E. Solomons, Laura Metkoff Klaus, GREENBERG TRAURIG, L.L.P., Washington, D.C., for Amici Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Charles Kuhn appeals the decision of the Benefits Review Board ("the Board") concluding that it was not statutorily empowered to direct that the fee of Kuhn's lay representative be paid by his former employer.* We affirm.

The legal conclusions of the Administrative Law Judge and the Board are reviewed de novo. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). The Director for the Office of Workers' Compensation Programs for the Department of Labor's ("the Director's") interpretation of its own regulations is entitled to substantial deference and will be sustained unless it is plainly erroneous or inconsistent with the regulation. *Clinchfield Coal Co. v. Harris*, 149 F.3d 307, 309 (4th Cir. 1998).

This appeal requires us to construe the fee-shifting provision of Section 28 of the Longshore and Harbor Workers' Compensation Act

---

*Kuhn and his lay representative, John Cline, successfully prosecuted a claim for black lung benefits. The Board's decision granting benefits to Kuhn is not at issue in this appeal. The only issue is whether a lay representative's fee must be paid by the black lung claimant or may be shifted to the employer.

("LHWCA"), 33 U.S.C. § 928 (1994) (incorporated into the Black Lung Benefits Act ("BLBA") by 30 U.S.C. § 932(a) (1994)), and its implementing regulation. The statute provides, in relevant part:

> If . . . the person seeking benefits . . . utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

33 U.S.C. § 928(a) (1994). The implementing regulation reads:

> An attorney who represents a claimant in the successful prosecution of a claim for benefits may be entitled to collect a reasonable attorney's fee from the responsible operator that is ultimately found liable for the payment of benefits, or, in a case in which there is no operator who is liable for the payment of benefits, from the fund.

20 C.F.R. § 725.367(a) (2001).

We agree that the statute does not permit the fees of a lay representative to be shifted to an employer. Further, Kuhn has failed to demonstrate the Director's interpretation of the statute's implementing regulation is flawed. We therefore affirm the decision of the Board. *See Galle v. Director, OWCP*, 246 F.3d 440, 451 (5th Cir.), *cert. denied*, 125 S. Ct. 479 (2001); *Todd Shipyards Corp. v. Director, OWCP*, 545 F.2d 1176, 1181 (9th Cir. 1976); *Madrak v. Director, OWCP*, 7 BLR 1-559 (1984); *Harrison v. Liberty Mutual Ins. Co.*, 3 BLR 1-596 (1981). We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*